

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 3, 2011

**VIA E-MAIL**

Robert P. LaRusso
LaRusso & Conway
Attorneys at Law
300 Old Country Road, Ste. 341
Mineola, NY 11501

**FILED**

**OCT - 7 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

> **Re:   United States v. Jeng Shih, et al.,**
>        Case No. CR-11-119,01,02

Dear Counsel:

This letter contains a wired plea offer being extended to your clients, Jeng Shih (a.k.a. Jay Shih) and Sunrise Technologies and Trading Corporation ("Sunrise"), from the Criminal Division of the Office of the United States Attorney for the District of Columbia and the National Security Division of the Department of Justice (hereinafter also referred to collectively as "the Government," or "this Office," or "the United States"). **This plea offer will expire at 6:00 p.m. on Monday, October 3, 2011.** If your clients accept the terms and conditions of this wired plea offer, please have your clients execute this document in the space provided below, as well as initial each individual page, where indicated. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.     **Charges and Statutory Penalties.** Your clients agree to plead guilty to Count I of the Indictment, that is, Conspiracy to violate the International Emergency Economic Powers Act and the Iranian Transaction Regulations, in violation of 18 U.S.C. § 371. The Indictment also includes a criminal forfeiture allegation. To effectuate criminal forfeiture, your clients agree to the entry of a Consent Order of Forfeiture.

2.     **Potential penalties, assessments, and restitution.** Your clients understand that,

JS
S&T
RL

pursuant to 18 U.S.C. § 371, Conspiracy to violate the International Emergency Economic Powers Act carries a maximum sentence of 5 years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d) for individuals and a fine of $1,000,000 or a fine of five times the value of the exports involved, whichever is greater, for corporations, a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Your clients understand that they will be sentenced according to 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2010) (hereinafter "Sentencing Guidelines" or "U.S.S.G."), which will apply to determine your clients' sentencing guideline ranges. Your clients understand that pursuant to 18 U.S.C. § 3571 and U.S.S.G. § 5E1.2, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

3.     **Agreement not to prosecute.** Upon acceptance of this Plea Agreement by the Court and at the time of your clients' sentencing, the Government will request that the Court dismiss the remaining counts in the Indictment. Your clients, however, agree and acknowledge that the charges to be dismissed at the time of sentencing were based in fact, and that your clients are not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. Furthermore, other than the offense to which your clients agree to plead guilty pursuant to this Plea Agreement, the United States agrees not to charge your clients with any other criminal offenses committed before execution of this Plea Agreement, arising out of their transactions with intermediaries doing business with and on behalf of Iranian customers. This paragraph does not apply to any other "crimes of violence," as that term is defined by 18 U.S.C. § 16 and D.C. Code § 22-3202, or any offenses which your clients fail to disclose to us before entering into this Plea Agreement.

4.     **Waiver of Constitutional and Statutory rights.** Your clients understand that by pleading guilty in this case they agree to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, your clients would have the right to be represented by counsel, to confront and cross-examine witnesses against them, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your clients' behalf, and to choose whether to testify themselves. If your clients chose not to testify at a jury trial, your clients would have the right to have the jury instructed that their failure to testify could not be held against them. Your clients would further have the right to have the jury instructed that they are presumed innocent until proven guilty, and that the burden would be on the United States to prove their guilt beyond a reasonable doubt. If your clients were found guilty after a trial, they would have the right to appeal their convictions.

Your clients understand that the Fifth Amendment to the Constitution of the United States protects them from the use of self-incriminating statements in a criminal prosecution. By entering pleas of guilty, your clients knowingly and voluntarily waive or give up

JS
S&T
RL

their right against self-incrimination.

5.      **Factual Stipulations**.  Your clients agree that the Statement of Offense being filed in this matter fairly and accurately describes your clients' actions and involvement in the offense to which your clients are pleading guilty.  If your clients accept the terms and conditions of this offer, please have your clients execute the Statement of Offense, where indicated.  Once executed, please return the original signed Statement of Offense along with this signed Plea Agreement.

6.      **Sentencing Guidelines.**  As indicated above, your clients understand that their sentences in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies in Sentencing Guidelines.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentences, the parties stipulate to the following Sentencing Guidelines calculations:

a.      **Offense Level under the Guidelines**.  The parties agree that the applicable Guideline is that applicable to the charge of Conspiracy to violate the IEEPA and ITR, in violation of 18 U.S.C. § 371.  Accordingly, the parties agree that the applicable Guideline is U.S.S.G. § 2M5.1(a)(1) and **the base offense level is 26**, because the offense involved the violation of a national security control, to wit, the exportation of goods to Iran without the required export license and attendant financial transactions with persons doing business in Iran.

(1).      **Downward Adjustment for Acceptance of Responsibility**.  Assuming your clients clearly demonstrate acceptance of responsibility to the satisfaction of the Government through your clients' allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 3-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

**Accordingly, the applicable adjusted offense level is 23.**

b.      **Criminal History Category**.  Based on the Government's investigation to date and representations from your clients, the government is not aware of any criminal convictions of your clients.  Accordingly, your clients' Criminal History Category is I.

c.      **Applicable Guideline Range**.  Based upon the calculations set forth above, your clients' Stipulated Sentencing Guidelines range is 46-57 months (the "Stipulated Guidelines Range") for the offense.

Your clients fully and completely understand that the final determination of their sentences will be made by the Court, which must consult with and take into account the Sentencing Guidelines, but which is not bound by those Guidelines.  Your clients understand that

JS
S&T
RL

the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this Plea Agreement or serve as a basis for the withdrawal of your clients' plea.  Your clients understand and agree that your clients will not be allowed to withdraw their guilty pleas entered pursuant to this Plea Agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Plea Agreement.

7.   **Forfeiture.**

a.   Your clients agree to the forfeiture set forth in the Forfeiture Allegation in the Indictment to which they are pleading guilty.  Specifically, your clients agree to the forfeiture of a money judgment in the amount of $1,250,000; $179,321.17 seized from the Citibank account listed in the Indictment; and all property seized from your clients by U.S. Customs and Border Protection in the following case numbers: 2011-1001-000603-01, 2010-4701-000898-01, 2010-4701-000899-01, 2010-4701-000951-01, and 2010-4701-000982-01.  The United States agrees to credit $711,000, consisting of the value of the seized bank account and the property seized in the above-listed cases, against the money judgment.  Your clients agree to provide a check for $255,000 to the U.S. Customs and Border Protection no later than the date of the sentencing hearing in this matter as a payment against the money judgment.  Your clients further agree to provide a check to the U.S. Customs and Border Protection in the amount of $284,000 no later than one year from the date of defendant Jeng Shih's release from any period of incarceration imposed in this case as a further payment against the money judgment.  If a period of incarceration is not imposed in this case, your clients agree to provide the $284,000 check to the U.S. Customs and Border Protection no later than one year after the date of the sentencing hearing in this matter.

b.   Your clients agree that the proffer of evidence supporting your clients' guilty plea is sufficient evidence to support this forfeiture.  Your clients agree that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of their guilty plea or at any time before sentencing.  Your clients agree that the Court will enter a Final Order Of Forfeiture for this property as part of their sentence.

c.   Your clients agree that this plea agreement permits the government to seek to forfeit any of their assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset.  Regarding any asset or property, your clients agree to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of the violation to which they are pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); and 21 U.S.C. § 853.

d.   By this plea agreement, your clients agree that they have waived any and all interest they have in these assets or properties and consented to their forfeiture by whatever

JS _____
S&T _____
RL _____

process the government chooses.  Your clients agree that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal.  If your clients already have filed a claim to any of these assets or property in any forfeiture process, they hereby agree to withdraw it.  They also agree that they will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendants hereby abandon any interest they have in such property and consent to its destruction by the law enforcement agency.

       e.      Your clients agree that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture they have consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes.  If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your clients agree to the entry of orders of forfeiture for such property and waive the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Your clients understand that the forfeiture of assets is part of the sentence that may be imposed in this case, and they waive any failure by the Court to advise them of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of their guilty plea.

       f.      Your clients agree to take all necessary actions to identify all assets over which your clients exercise or exercised control, directly or indirectly, at any time since January 1, 2007, or in which your clients have or had during that time any financial interest.  Your clients agree to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

       g.      Your clients agree to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

       8.      **Conditions of release pending sentencing.**  The Government will not seek a change in your clients' release conditions pending sentencing.  Your clients, however, acknowledge that the final decision regarding your clients' bond status or detention will be made by the Court at the time of your clients' pleas of guilty.

       9.      **Reservation of allocution.**  With one exception, your clients understand that the Government reserves its full right of allocution for purposes of sentencing.  That exception is that the Government agrees that it will cap its allocution concerning any request for imprisonment at 3 years.  That is, although the Government may ultimately request a sentence that includes a term of imprisonment anywhere from 0 to 3 years, pursuant to this plea agreement, it will not request a

JS
S&T
RL

term of imprisonment of more than 3 years. The Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your clients' misconduct, including any misconduct not described in the charge to which your clients are pleading guilty. The Government also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Plea Agreement.

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your clients move to withdraw your clients' guilty pleas after they are entered, or should it be determined that your clients have either (i) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Plea Agreement.

Your clients also understand that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons. The Government reserves the right to appeal the sentence in this case.

10.   **Interpreter**.  Your clients understand that, if an interpreter is required to assist your clients in translating this Plea Agreement into your clients' native language, then your clients agree to request, pursuant to Title 18 U.S.C. § 3006A, "The Criminal Justice Act," to secure the services of a certified interpreter to verbally translate the Plea Agreement and related documents for your clients into your clients' native language. If no such request is made, then your clients hereby declare that your clients understand the English language sufficiently well to read and understand this Plea Agreement.

11.   **Appeal Waiver**.  Your clients are aware that federal law, specifically 18 U.S.C. § 3742, affords your clients the right to appeal their sentences in this sentence. Your clients are aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your clients waive the right to appeal their sentences or the manner in which they were determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your clients to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon your clients' sentences pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your clients are aware that your clients' sentences have yet to be determined by the Court. Realizing the uncertainty in estimating what sentences the Court ultimately will impose,

JS 
S&T
RL

your clients knowingly and willingly waive your clients' right to appeal the sentences, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

12.    **Breach of agreement.**  Your clients understand and agree that if they fail specifically to perform or to fulfill completely each and every one of their obligations under this Plea Agreement, or commit any further crimes, then they will have breached this Plea Agreement.  In the event of such a breach, (a) the United States will be free from its obligations under the Plea Agreement; (b) your clients will not have the right to withdraw their guilty pleas; (c) your clients shall be fully subject to criminal prosecution for any other crimes which they have committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your clients, directly and indirectly, in any criminal or civil proceeding all statements made by them and any of the information or materials provided by them, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your clients' statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your clients acknowledge discussing with you Fed. R. Crim. P. 11(f) and Federal Rule of Evidence (FRE) 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your clients knowingly and voluntarily waive the rights which arise under these rules.  As a result of this waiver, your clients understand and agree that any statements which are made in the course of their guilty pleas will be admissible against them for any purpose in any criminal or civil proceeding if your clients breach this Plea Agreement or their guilty pleas are subsequently withdrawn. Moreover, in the event your clients' guilty pleas are withdrawn, they agree that the United States will be free to use against them in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your clients understand and agree that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.  Your clients further understand and agree that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your clients to commit perjury, make false statements or declarations, or obstruct justice, or to protect your clients from prosecution for any crimes not included within this Plea Agreement or committed by them after the execution of this Plea Agreement.  Your clients understand and agree that the United States reserves the right to prosecute them for any such offenses.  Your clients further understand that any perjury, false statements or declarations, or obstruction of justice relating to their obligations under this Plea Agreement shall constitute a breach of this Plea Agreement.

JS
S&T
RL

However, in the event of such a breach, your clients will not be allowed to withdraw their guilty pleas.

13.     **Prosecution by Other Agencies/Jurisdictions.**   This Plea Agreement only binds the United States Attorney's Office for the District of Columbia and the National Security Division of the Department of Justice.  It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the United States Department of the Treasury, including the Internal Revenue Service; or any state or local prosecutor.  These individuals and agencies remain free to prosecute your clients for any offense(s) committed within their respective jurisdictions.

14.     **No Other Agreements.**  No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your clients, your clients' counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your clients agree to the conditions set forth in this letter, both your clients and you should initial each page and sign the original in the spaces provided and return the executed Plea Agreement to us. The original of this Plea Agreement will be filed with the Court.

Sincerely,

RONALD C. MACHEN JR.
United States Attorney
for the District of Columbia


Anthony Asuncion
T. Patrick Martin
Assistant United States Attorneys
National Security Section


Jonathan C. Poling
Trial Attorney/Counterespionage Section
Department of Justice

### Defendant Shih's Acceptance

I have read this Plea Agreement and carefully reviewed every part of it with my attorney, Robert P. LaRusso, Esq. I am fully satisfied with the legal services provided by my attorney in connection with this Plea Agreement and all matters relating to it. I fully understand this Plea Agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty to the offenses set forth in the Plea Agreement because I am guilty of those crimes.

10/4/201 1
_____
Date

_____
Jeng Shih
Defendant

### Defendant Shih's Counsel's Acknowledgment

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Jeng Shih, and discussed the provisions of the Plea Agreement with him fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

10/4/2011
_____
Date

_____
Robert P. LaRusso
Counsel for Defendant Shih

**Defendant Sunrise Technologies and Trading Corporation's Acceptance**

      I am a designated representative for Sunrise Technologies and Trading Corporation with the authority to bind Sunrise Technologies and Trading Corporation in this matter.  I have read this Plea Agreement and carefully reviewed every part of it with Robert P. LaRusso, Esq., who is the attorney for Sunrise Technologies and Trading Corporation in this matter.  On behalf of Sunrise Technologies and Trading Corporation, I am fully satisfied with the legal services provided by Mr. LaRusso, in connection with this Plea Agreement and all matters relating to it.  On behalf of Sunrise Technologies and Trading Corporation, I fully understand this Plea Agreement and voluntarily enter into it.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully.  No agreements, promises, understandings, or representations have been made with, to, or for Sunrise Technologies and Trading Corporation other than those set forth above.  Sunrise Technologies and Trading Corporation is pleading guilty to the offenses set forth in the Plea Agreement because it is guilty of those crimes.

_____
Date

_____
Designated Representative for
Defendant Sunrise Technologies and Trading Corporation


**Defendant Sunrise Technologies and Trading Corporation Counsel's Acknowledgment**

      I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Sunrise Technologies and Trading Corporation through its designated representative [Insert name here], and discussed the provisions of the Plea Agreement with him fully.  These pages accurately and completely sets forth the entire Plea Agreement.  I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

_____
Date

_____
Robert P. LaRusso
Counsel for Defendant Sunrise Technologies
   and Trading Corporation